THE PEOPLE OF THE STATE OF NEW YORK ex rel. JOHN W. KELLER, Commissioner of Public Charities of the City of New York, Appointed to have Administrative Jurisdiction in the Boroughs of Manhattan and The Bronx, Respondent, *v.* ELIZUR B. HINSDALE and Others, Constituting the Justices of the Court of Special Sessions of the First Division of the City of New York, and ADAM LUDWIG, Appellants.

*Conviction of a husband for abandonment of wife and children — an appeal therefrom lies to the Court of General Sessions of the city of New York.*

An appeal from a conviction by a magistrate of the city of New York, under sections 685 and 686 of the charter of the city of New York (Chap. 378 of the Laws of 1897), of a husband of the crime of abandoning his wife and children, without adequate support, and of neglecting to provide for them according to his means, lies, under the provisions of section 689 of chapter 13 of the charter, to the Court of General Sessions; the Court of Special Sessions of the city of New York has no longer jurisdiction to entertain such appeal.

APPEAL by the defendants, Elizur B. Hinsdale and others, as justices of the Court of Special Sessions of the first division of the city of New York, and Adam Ludwig, from an order of the Supreme Court, made at the New York Special Term and entered in the office of the clerk of the county of New York on the 14th day of March, 1898, granting a writ of prohibition.

*Lewis L. Delafield,* for the appellants.

*Theodore Connoly,* for the respondent.

INGRAHAM, J.:

The question presented is as to the power of the Court of Special Sessions of the city of New York to entertain an appeal from a conviction of a person for having abandoned his wife or children without adequate support, and for neglecting to provide for them according to his means, by a magistrate of the city of New York, under sections 685 and 686 of the charter of the city of New York (Chap. 378, Laws of 1897). Prior to the adoption of the new charter the provisions under which a person could be compelled to support his wife and children were regulated by the Consolidation Act (Chap. 410, Laws of 1882). By section 1456 of that act and chapter 601 of the Laws of 1895, the exclusive right to review a conviction of such a person before a magistrate was vested in the Court of Special Sessions.

Provisions covering this subject were made a part of the new charter for the city of New York, and are contained in chapter 13 of the charter which relates to the department of public charities. The magistrate is given power to compel a person who has abandoned his wife and children to make provision for their support. Section 685 authorizes the magistrate to issue a warrant to bring a person charged with abandoning his wife and children before him; authorizes the magistrate to inquire as to whether he is guilty of the charge, and, upon a conviction, requires the magistrate to make an order specifying a sum to be paid weekly for the space of one year thereafter by such defendant. Sections 687 and 688 relate to actions upon bonds given in such proceedings and provide for a recovery upon such bonds. Section 689 provides a method to review the determination of the magistrate, which is by an appeal to the

Court of General Sessions. The right to appeal is given, but to perfect such an appeal the judge allowing it must take from the defendant a written undertaking, in such sum and with such sureties as he may approve, that the defendant will abide the judgment of the appellate court upon the appeal and will pay all costs which may be granted against him. The court hearing the appeal must award costs to the party in whose favor the appeal is determined, and provision is made for the collection of such costs. These provisions cover the whole subject of the trial of the person charged with the offense, and an appeal from a conviction before the magistrate upon such charge. They modify the practice before existing as to appeals, changing the court to which an appeal may be taken and requiring the appellant to furnish a bond. Such a system is, in its nature, exclusive and entirely inconsistent with the law in force prior to the adoption of these provisions which authorize an appeal to another court, and which does not contain the provision as to the security to be furnished by the appellant. It would be inconsistent with the provisions of these sections of the new charter referred to, which regulate the proceedings before the magistrate and the method of reviewing the determination of the magistrate, to continue in force a former method of appeal which requires the appeal to be taken to another court and under other conditions than those prescribed for the appeal from the conviction by the magistrate in the new system established. It seems to us apparent that it was the intention of the Legislature, in adopting this charter, by which this method for the investigation of the charge and to review a conviction, to confine a party seeking to review a conviction to the appeal therein allowed ; and it necessarily repealed former laws which made other and inconsistent provisions for an appeal to another court. Indeed, the Court of Special Sessions was continued by the new charter and was given certain special jurisdictions, and was then given " all the powers and jurisdiction not inconsistent with this act which, on the thirty-first day of December, eighteen hundred and ninety-seven, shall by law be vested in the court or justices of Special Sessions in the city and county of New York." (Charter of the City of New York, § 1406, subd. 4.) This general clause continuing the jurisdiction of the court is expressly limited to the exercise of power and jurisdiction not incon-

sistent with the charter itself; and we think the exercise of this power, to review the determination of a magistrate, would be inconsistent with the provisions of the charter which prescribe a method of review by the Court of General Sessions. The provision of section 1412 of the charter confirms this construction as to the intention of the Legislature. By that section the law regulating appeals to the Court of General Sessions is made applicable to all appeals from a city magistrate, and no provision is made for the practice of reviewing the action of the city magistrate by the Court of Special Sessions.

We think, therefore, that this charter provides a complete system by which the support of wives and children can be enforced, which includes an appeal from a conviction before the magistrate; that the system was inconsistent with the continuance of the jurisdiction to entertain an appeal by the Court of Special Sessions from a conviction before the magistrate under this provision of the charter; that the learned judge was right in holding that the court of Special Sessions had no jurisdiction to entertain this appeal, and that the writ of prohibition was properly granted.

The order appealed from is affirmed, with costs.

VAN BRUNT, P. J., BARRETT, RUMSEY and McLAUGHLIN, JJ., concurred.

Order affirmed, with costs.